# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALI JABER, M.D..,

       Plaintiff,                        Case No.

v.

TEAM HEALTH, INC., F/K/A/
INPATIENT CONSULTANTS OF MICHIGAN, P.C.,
D/B/A IPC HEALTHCARE OF MICHIGAN AND IPC OF
MICHIGAN, P.C., and MAHMUD ZAMLUT, M.D., jointly and
Severally.

       Defendants.

---

BEN M. GONEK (P43716)
Law Offices of Ben M. Gonek, PLLC
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, Michigan 48226
ben@goneklaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, ALI JABER, by and through his attorneys, LAW OFFICES OF BEN M. GONEK, PLLC and hereby complains of all the named Defendants, as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Dr. Ali Jaber, M.D., (hereinafter referred to as "Plaintiff" or "Dr. Jaber"), is a current resident of Dearborn, Michigan.

2. Plaintiff is a Medical Doctor licensed to practice Medicine in the State of Michigan and has full privileges at various hospitals throughout the Detroit Metro area.

3. Defendant TeamHealth, Inc., f/k/a Independent Physicians Consultants, P.C. ("IPC") is a professional corporation licensed to do business in the State of Michigan.   IPC does business in the State of Michigan under the names IPC Healthcare of Michigan and IPC of Michigan P.C.

4. Defendant Mahmud Zamlut is physician licensed to practice medicine in the State of Michigan and is a resident of West Bloomfield Township, Oakland County, Michigan.  Dr. Zamlut is employed by IPC and is a Group Director for IPC.  At sometimes relevant to this cause of action Zamlut was Plaintiff's supervisor.

5. At times relevant to this cause of action, Plaintiff was either an employee of IPC or was involved in the private practice of medicine.

9. The court has subject-matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2601 et seq and 29 U.S.C. § 794(a).

10. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b), as it is in the district in which Defendants conduct business.

11. Plaintiff brings this retaliation action on her own behalf under the False Claims Act, 31 U.S.C. § 3729 et seq. This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1331.

## FACTUAL SPECIFIC ALLEGATIONS

12. Plaintiff began his employment with IPC on or about August 2016 as a hospitalist. Plaintiff worked under the supervision of Defendant Zamlut.

13. During the course of Plaintiff's employment, he treats seriously ill individuals at local health care facilities throughout the Detroit Metropolitan area.

14. During the course of Plaintiff's employment, Plaintiff is required to order consults by other medical professionals in different medical specialties for patients that he has seen/treated.

15. Before ordering a medical consult by a medical professional, said consult must be medically necessary to follow CMS rules and regulations.

16. When ordering a medical consult, Plaintiff always complied with CMS rules and regulations and ordered said consults when medically necessary. Plaintiff also complied with CMS rules and regulations by ordering consults with the patients treating specialist if it could be done. Plaintiff also chose the most competent specialists for consults when ordering same for his patients.

17. Plaintiff's employment compensation was based on a formula that considered his billings for services rendered to patients that he had treated. The higher the billings, the more compensation Plaintiff earned.

18. Defendant Zamlut's employment compensation was based on his patient billings and based on the amount of billings physicians working under his supervision also submitted. The higher the billings the more compensation Zamlut earned.

19. During the course of Plaintiff's employment with Defendant IPC, Defendant Zamlut directed Plaintiff to order medical consults with himself and other physicians who were employees of Defendant IPC and other physicians who routinely ordered medical consults from Defendant Zamlut.

20. Defendant Zamlut also directed physicians under his supervision, including Plaintiff, to admit their patients to nursing homes that regularly utilized physicians employed by Defendant IPC regardless if the patients needed nursing home care or not.

21. Defendant Zamlut also had a high number of patient encounters every day and his Medicare billings were such that it was impossible to see the number of patients he claimed he saw and treat them in accordance with the CPT codes that were billed.

22. During the second half of 2016, Defendant Zamlut told Plaintiff that he was not consulting physicians employed by Defendant IPC or physicians who were friendly with Defendant IPC enough. At the time, Plaintiff was consulting physicians who he believed would render the best patient care to his patients.

23. Plaintiff also refused to admit patients to long term after care facilities when the patients did not need nursing home care. Many of these patients were Medicare patiens.

24. When Plaintiff would not be following Defendant Zamlut's directions, which were contrary to CMS/Medicare rules and regulations, Defendant Zamlut would change the facilities that Plaintiff worked at, give Plaintiff unfavorable shifts, tell other physicians not to utilize Plaintiff, and/or take Plaintiff off the work schedule.

25. Defendant Zamlut's conduct in this regard was in retaliation for Plaintiff not violating CMS rules and regulations.

26. During the later part of December 2016, Plaintiff informed Defendant Zamlut' s supervisors and other management at Defendant IPC that Defendant Zamlut was engaged in conduct that was illegal and in violation of CMS Rules and Regulations. Plaintiff also advised management officials at Defendant IPC that Defendant Zamlut' s conduct violated the provisions of the False Claims Act.

5

27. As a result of Plaintiff reporting Defendant Zamlut's illegal conduct, Plaintiff was removed from certain hospitals, given unfavorable shifts at various facilities, and at times removed from the schedule.

28. In December of 2016, Plaintiff requested a meeting with management officials at Defendant IPC and/or their counsel and demanded that Zamlut be replaced as supervisor due to Defendant Zamlut' s illegal conduct. Plaintiff legitimately believed that continuing to work under Zamlut' s supervision would subject him to liability by conforming his consulting practices to what Zamlut wanted.

29. Defendant IPC refused to replace Zamlut and as a result Plaintiff was constructively discharged.

## COUNT ONE

### VIOLATON OF THE RETALIATION PROVISION OF THE FALSE CLAIMS ACT

30. The retaliation provision of the False Claims Act protects an employee, associated other, and/ or contractor from being "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h).

31. Relief for violating this section includes reinstatement of the employee, contractor, or agent with the same level of seniority that person would have had but for the discriminatory conduct, as well as double damages for back pay, interest on back pay, and special damages. Relief also includes reasonable attorneys' fees. *Id.* §3730(h)(1)(b).

32. Plaintiff was retaliated against and constructively discharged due to his reporting the violations of the False Claims Act by Defendants Zamlut to Defendant IPC.

33. As a direct and proximate cause of Defendants' illegal conduct, Plaintiff sustained damages to his reputation, earning ability, as well as humiliation and embarrassment.

34. Plaintiff is entitled to damages in excess of $75,000 for Defendants unlawful conduct.

WHEREFORE Plaintiff respectfully requests that this Court enter Judgment in his favor and any other relief he may be entitled to for an amount in excess of $75,000.00.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Respectfully submitted,

            */s/ Ben Gonek*
            BEN M. GONEK (P43716)
            LAW OFFICES OF BEN GONEK PLLC
            500 Griswold Street, Suite 2450
            Detroit, MI 48226
            (313) 963-3377

Dated: